# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandt Industries Ltd., and<br>Brandt Agricultural Products Ltd., | Civil No. 14-4716 (DWF/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Harvest International Corp., | |
| Defendant. | |

Ann G. Schoen, Esq., Frost Brown Todd LLC; and John B. Lunseth II, Esq., Briggs & Morgan, PA, counsel for Plaintiffs.

Christine Lebron-Dykeman, Esq., Jonathan L. Kennedy, Esq., R. Scott Johnson, Esq., McKee, Voorhees & Sease; and Cally R. Kjellberg-Nelson, Esq., and Dyan J. Ebert, Esq., Quinlivan & Hughes, PA, counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue brought by Defendant Harvest International Corp. ("Harvest"). (Doc. No. 20.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Plaintiff Brandt Industries Ltd. is a Canadian corporation with its principal place of business in Regina, Saskatchewan. (Doc. No. 30 ("Eberle Decl.") ¶ 3.) Brandt Agricultural Products Ltd. is a wholly-owned subsidiary of Brandt Industries Ltd. and is engaged in the design and manufacture of grain handling equipment distributed

throughout Canada, the United States, and around the world. (*Id*. ¶ 5.) Brandt Industries Ltd. and Brandt Agricultural Products Ltd. are collectively referred to as "Brandt." Brandt employs more than 1,800 people across Canada and the United States. (*Id*. ¶ 4.) Harvest is an Iowa Corporation with a principal place of business in Storm Lake, Iowa. (Doc. No. 23 ("Friesen Decl.") ¶ 2.) Harvest is in the business of manufacturing and selling agricultural equipment. (*Id*.)

Brandt is the owner of United States Patent No. 8,061,511, entitled "Conveyor Belt Guide" (the "'511 Patent"). (Doc. No. 1, Compl. ¶ 13.) Harvest manufactures and sells an FC Conveyor machine. (Friesen Decl. ¶ 3.) Brandt alleges that Harvest's manufacture and sale of the FC Conveyor machine infringes the '511 Patent. (Compl. ¶¶ 7, 45-49.) In addition, Brandt asserts claims for unfair competition and trade dress infringement. (*Id*. ¶¶ 50-58.)

Harvest now moves to transfer this action to the United States District Court for the Northern District of Iowa. (Doc. No. 20.)

## DISCUSSION

### I. Legal Standard

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider three factors: "(1) [t]he convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A determination on transfer

2

requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)). Thus, transfer should be denied if the factors weigh evenly or "only slightly in favor of transfer." *Id.* Typically, there is a presumption in favor of the plaintiff's choice of forum, and the burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Id.* (internal citation omitted).

## II. Proper Venue of Transferee Court

First, the Court considers the threshold question of whether this action could have been brought in the Northern District of Iowa. An action may only be transferred to a venue where it "might have been brought" initially. 28 U.S.C. § 1404(a). "Venue in a patent case is proper [in a civil action for patent infringement] where the defendant 'resides' or has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Compression Tech. Solutions, LLC v. EMC Corp.*, Civ. No. 11-1579, 2012 WL 1188576, at *4 (E.D. Mo. Apr. 6, 2012). Harvest is an Iowa corporation with its principal place of business in Storm Lake, Iowa. (Friesen Decl. ¶ 2.) In addition, the accused FC Conveyor was conceived of and manufactured in

3

Storm Lake, Iowa. (*Id*. ¶ 3.) Therefore, venue is proper and this action "might have been brought" in the Northern District of Iowa. *See* 28 U.S.C. §1404(a).

## III. Transfer Factors

### A. Convenience of the Parties

Harvest argues that the convenience of the parties weighs in favor of transfer. In support, Harvest submits that Harvest and virtually all of its relevant party witnesses reside in Iowa. Harvest argues that, for Brandt, the convenience of litigating in Iowa would be substantially the same as it would be if litigated in Minnesota. Harvest points out that Brandt is a Canadian corporation with no place of business in Minnesota or Iowa and submits that Brandt would be required to travel to litigate in either forum. Moreover, Harvest submits that Brandt has a substantial business presence in Iowa, with multiple dealers selling Brandt products in the state, including at least one dealer in Storm Lake, Iowa. (Doc. No. 24 ("Lebron-Dykeman Decl.") ¶¶ 3-5, Exs. A-C.)

Brandt disagrees and asserts that Minnesota would be a far more convenient forum for it and its party witnesses, in large part due to the service between airports in Regina, Saskatchewan, and Minneapolis, Minnesota. Brandt submits that there are nonstop flights between Regina and Minneapolis, and that no nonstop flights are available between Regina and the airport in Sioux City, Iowa. Brandt asserts that its key witnesses are employees who will be traveling from Regina, Saskatchewan, or Minot, North Dakota. Brandt asserts that requiring its witnesses to travel to Iowa would increase travel time and expense. (Doc. No. 31 ("Farley Decl.") ¶¶ 4-7.)

Weighing the convenience of the parties, the Court concludes that this factor weighs in favor of Harvest. Brandt is not located in Minnesota and has at least some presence in Iowa. Litigating in either forum will require Brandt's party-witnesses to travel. However, litigating in Iowa, as opposed to Minnesota, will be far more convenient for Harvest, which is headquartered in Iowa and has key witnesses who reside in Iowa. Iowa, which has more of a connection to the parties in this matter, would be a more convenient forum than Minnesota, which appears to be inconvenient for both parties. Thus, this factor weighs in favor of transfer to Iowa.

### B.   Convenience of the Witnesses

The Court views the second factor, the convenience of the witnesses, as a particularly important factor because it affects access to proof. *Graff*, 33 F. Supp. 2d at 1121. In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, "and the preference of the courts for live testimony." *See id*.

Both parties agree that many of the witnesses in this case will be party witnesses or expert witnesses. The Court considered the convenience to party witnesses in its analysis of the convenience to the parties above and determined that convenience to the parties weighed in favor of transfer. As to non-party witnesses, Harvest points out that it has sold only one FC Conveyor machine in Minnesota and that Brandt has not pled that this particular sale resulted in actual confusion. Harvest submits that it is highly unlikely that there are any non-party witnesses in Minnesota. (Friesen Decl. ¶ 12.) The Court concludes that this factor is neutral.

## C. Interests of Justice

Next, the Court weighs the interests of justice. This factor is weighed heavily. *See Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641-42 (D. Minn. 1996) (citation omitted); *Graff*, 33 F. Supp. 2d at 1122. In weighing the interests of justice, courts consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l, Inc.*, 119 F.3d at 696 (citation omitted).

Harvest argues that consideration of these factors supports transfer to Iowa. In particular, Harvest asserts that Brandt's choice of forum should not control; there are no conflict of law issues favoring Minnesota; the comparative costs of litigating favor venue in Iowa; and an Iowa jury has a greater interest in deciding the controversy than does a jury in Minnesota. Brandt disagrees and argues that the interests of justice would not be enhanced by transfer to Iowa; and, in particular, that its choice of forum should be given considerable deference and that transfer will increase litigation costs.

Generally, deference is given to a plaintiff's choice of forum. *Amazin' Raisins Int'l, Inc. v. Ocean Spray Cranberries, Inc.*, Civ. No. 04-3358, 2004 WL 2595896, at *5 (D. Minn. Nov. 15, 2004). However, that choice is given "significantly less deference" when the plaintiff does not reside in the selected forum. *Id.* (citation omitted); *see also In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). In addition, in a patent case, a plaintiff's choice of forum is not given deference when the only connection to the chosen

forum is the defendant's sale of the accused product. *See Compression Tech. Solutions*, Civ. No. 11-1579, 2012 WL 1188576, at *8. Here, Brandt does not reside in Minnesota. Indeed, Brandt is a Canadian corporation and Brandt does not allege that it has any presence in Minnesota. The only connection this action has to Minnesota is the sale of a single accused conveyor. The Court concludes that Brandt's choice of forum is entitled to little, if any, deference.

The Court also concludes that the comparative costs of litigating favor transfer to Iowa. All of Harvest's key witnesses are located in Iowa, less than two hours from the courthouse in Sioux City. (Friesen Decl. ¶¶3, 9-10.) Brandt, which has its headquarters in Saskatchewan, will incur travel costs regardless of whether this action is venued in Minnesota or Iowa. Although Brandt asserts that the travel costs will be greater if this action is venued in Iowa, the Court does not find that this potentially greater cost is significant and points out that Brandt is a large corporation that appears able to bear any difference in travel expenses.

Finally, the Court concludes that other public interest factors favor transfer. In particular, although one accused product has been sold in Minnesota, Harvest maintains its principal place of business in Iowa, and the accused products were conceived, designed, and manufactured in Iowa. (*Id.* ¶¶ 11, 12.) Because this is a patent case, the locus of operative facts can lie where the allegedly infringing products were designed and produced. *See, e.g.*, *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354 (E.D.N.Y. 2012) (citation omitted). Because all of Harvest's offices are in Iowa, its corporate documents will also be in Iowa. In addition, because Harvest is located in Iowa

7

and no party is located in Minnesota, an Iowa jury will have a greater interest in deciding this controversy than a jury in Minnesota.[1]

### D. Conclusion

Having considered the relevant section 1404(a) factors, the Court concludes that the transfer of this case to the Northern District of Iowa would provide a more convenient forum for the parties and would best serve the interests of justice.

### ORDER

Based upon the parties' submissions and arguments, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue (Doc. No. [20]) is **GRANTED** and the Clerk of Court shall **TRANSFER** this action to the United States District Court for the Northern District of Iowa.

Dated: June 10, 2015  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

---

[1] The remaining factors of judicial economy, conflict of law issues, and any advantages of a local court determining questions of law do not weigh either in favor of or against transfer.